IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DIXIE THOMPSON

VS.  CIVIL ACTION NO. 3:07CV59-SA-DAS

MICHAEL J. ASTRUE,
Commissioner of
Social Security

## REPORT AND RECOMMENDATION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the applications of the plaintiff Dixie Thompson for a period of disability, disability insurance benefits, and supplemental security income benefits. The parties have not consented to have a magistrate judge conduct all the proceedings in this case; therefore, the undersigned submits this report and recommendation to the United States District Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

In the present action, the plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning January 12, 2004 and ending January 23, 2006, when she returned to work. These applications were denied both initially and on reconsideration, and the plaintiff then requested and appeared at a hearing before an administrative law judge. In a decision dated December 18, 2006, the ALJ found the plaintiff not disabled. The plaintiff then requested review of the hearing decision, and the Appeals Council denied that request. The plaintiff then timely filed suit in this Court, and the ALJ's decision is now ripe for review.

1

The plaintiff was born on June 27, 1952 and was fifty-four years old at the time of the hearing before the ALJ. The plaintiff has a seventh grade education and previously worked as a cashier, production worker, and waitress. At the hearing, the plaintiff stated she was disabled and unable to work because of back pain and anxiety. The plaintiff underwent back surgery in 2004. Nevertheless, after at least a partial review and evaluation of the medical evidence of record and the subjective testimony, the ALJ found the plaintiff not disabled. The ALJ found that the plaintiff had the residual functional capacity to perform light work activity that included the ability to lift and carry twenty pounds occasionally and ten pounds frequently, and stand or walk for six hours in the same day. Additionally, the ALJ found the plaintiff's residual functional capacity allowed her to engage occasionally in climbing, balancing, stooping, crouching, kneeling, or crawling. The plaintiff objects to these findings, making a number of arguments; however, because the ALJ failed to articulate why he made his decision, particularly with respect to the plaintiff's complaints of pain, this Court is unable to consider his findings without further explanation.

## II. DISCUSSION

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2]

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

2

First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

### III. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. §

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2000).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2000).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2000). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525, 416.925 (1998).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2000).

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2000).

[8] *Muse*, 925 F.2d at 789.

405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).

The Fifth Circuit has further held that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found . . . where there is a 'conspicuous absence of credible choices' . . . .

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

## **PAIN**

As mentioned *supra*, the plaintiff objected to the ALJ's opinion on a number of grounds, but this Court is concerned primarily with the objection related to the ALJ's failure to articulate any reasoning whatever for his apparent dismissal of the plaintiff's subjective complaints of pain. Looking to the opinion, the only evidence this Court can find that the ALJ considered the

4

plaintiff's complaints of pain is found in the following statement: "Her subjective complaints are found to be credible only to the extent of the residual functional capacity set forth above (CFR 404.1529 and 416.929)." However, as provided in Social Security Ruling 96-7p:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

Social Security Ruling 96-7p. Moreover, it is well established that given the importance of pain in many disability cases, the ALJ must carefully consider pain testimony. Specifically, the ALJ must evaluate the effect of pain on the claimant's ability to function. As the Fifth Circuit has noted, "Since pain alone or in conjunction with other impairments *can* give rise to a disability . . . the ALJ must consider subjective evidence of pain as testified to by the claimant; failure to give consideration to the subjective evidence of pain and disability as testified to by the plaintiff is reversible error." *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th cir. 1981). And "[f]ailure to indicate the credibility choices made and the basis for those choices in resolving the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints requires reversal and remand." *Id.* at 649.

In the present case, the plaintiff testified that following surgery in April 2004, she was restricted for a period of time to lifting no more than five pounds. She also testified that during this time, should was forced to lie down for two hours in the morning and two hours in the

5

afternoon because of the pain in her back. She also testified that "probes" were placed on her back during this time period for approximately three months in an effort to alleviate the pain. In addition to the plaintiff's testimony, (and the examples provided above are not exhaustive) the plaintiff also provided answers to a Daily Activities Questionnaire. The plaintiff's answers included statements that her back hurt too much to stand up and down without assistance. She stated she does not shop alone because she does not have a wheel chair, and "it hurts too much to get out and about in the car." The plaintiff's daughter also provided answers to a Function Report, stating that she did most of the cooking and cleaning because her mother was unable to do so because of the pain; that her mother "wakes up all during the night hurting;" and that she shaves her mother's legs because she cannot reach them.

These are only a few examples of the subjective testimony and evidence provided to the ALJ concerning the plaintiff's complaints of pain. Because the ALJ failed to consider or provide any explanation as to his consideration of the plaintiff's subjective complaints of pain, the Court recommends that the present action be remanded to the ALJ for further findings and/or explanations. This recommendation in no way is to be interpreted as an opinion as to whether the plaintiff is disabled or not. The Court only wants the ALJ to clarify his findings to allow this Court to review them completely.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and

recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

RESPECTFULLY SUBMITTED, this the 10th day of September 2008.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE